## IN THE SUPERIOR COURT OF GUAM

| PEOPLE OF GUAM, | CRIMINAL CASE NO. CF0297-25 |
|---|---|
| vs. | **DECISION AND ORDER** |
| **JESSIE RICK SAN AGUSTIN,** | |
| Defendant. | |

### INTRODUCTION

This matter came before the Honorable Vernon P. Perez on October 20, 2025, for hearing on Defendant Jessie Rick San Agustin's ("Defendant") Motion for a Bill of Particulars. Present were Assistant Attorney General Dante CH Harootunian on behalf of the People of Guam ("the Government") and Defendant with counsel, Kristine B. Borja. Having reviewed the pleadings, the arguments presented, and the record, the Court now issues the following Decision and Order.

### BACKGROUND

On May 8, 2025, Defendant was indicted with the following charges: (1) Aggravated Murder (As a First Degree Felony); (2) Murder (As a First Degree Felony); and (3) Kidnapping (As a First Degree Felony). (Indictment, May 8, 2025). These charges stem from allegations that Defendant killed his girlfriend's ex-boyfriend by burning him alive on or about November 1, 2024. (Decl. of Christine S. Tenorio, Magistrate's Compl., May 1, 2025).

On September 26, 2025, Defendant filed the instant Motion. On October 10, 2025, the Government filed its Opposition. On October 17, 2025, Defendant filed his Reply.

On October 20, 2025, the Court heard arguments on the Motion and subsequently placed the matter under advisement.

## DISCUSSION

Defendant moves the Court "to order the prosecuting attorney to provide clarification of the charge against [him] to prepare his defense" pursuant to 8 G.C.A. § 55.30. (Mot. at 2, Sept. 26, 2025). Defendant notes in his Motion that on or about June 10, 2025, the assigned prosecutor was notified about outstanding discovery and that the Government has only provided 509 pages of discovery consisting of written reports at the time of the filing of the Motion. *Id.* The Government opposes, arguing that the charges in the indictment "are sufficiently specific to put the Defendant on notice of what he is charged with" and state the essential elements of the offenses. (Opp'n at 3, Oct. 10, 2025). In Reply, Defendant argues that "[t]here are no facts that provide [or] address the essential elements of causation of the first two charges in the instant matter and for the essential element of unlawfully removed for the third charge." (Reply at 2, Oct. 17, 2025). Defendant also sets forth that the Government failed to advise the Court that it turned over almost 500 additional pages of discovery dated as far back as May 2025 ten days after Defendant filed the instant Motion and that no other evidence has been provided aside from the police reports. *Id.*

Guam law requires that an indictment "shall be a plain, concise and definite written statement of the essential facts constituting the offense charged and shall be signed by the prosecuting attorney." 8 G.C.A. § 55.10(a). "It is well established that an indictment is sufficient which apprises a defendant of the crime with which he is charged so as to enable him to prepare his defense and to plead judgment of acquittal or conviction as a plea to subsequent prosecution for the same offense." *People v. Torres,* 2014 Guam 8 ¶ 20 (citation omitted).

> Whether or not an indictment or information complies with § 55.10, if it fails to specify the particulars of the offense sufficiently to enable the defendant to prepare his defense, the court may, on motion of the defendant, require the prosecuting attorney to furnish the defendant with a clarification of the pleading containing such particulars as may be necessary for the preparation of the defense.

8 G.C.A. § 55.30. "[A] bill of particulars, unlike discovery, is not intended to provide the defendant with the fruits of the government's investigation. Rather, it is intended to give the defendant only that minimum amount of information necessary to permit the defendant to conduct his *own* investigation." *United States v. Hsuan Bin Chen*, 2011 WL 332713 at *4 (N.D. Cal. Jan. 29, 2011) (internal quotation marks and citation omitted) (emphasis in original).

"The decision whether to grant a request for a bill of particulars is directed to the trial court's discretion." *United States v. Long*, 706 F.2d 1044, 1054 (9th Cir. 1983) (citation omitted). The Ninth Circuit has explained that a bill of particulars serves three functions: (1) to inform a defendant of the nature of the charges against him to enable him to prepare for trial; (2) to avoid or minimize the danger of surprise at the time of trial; and (3) to protect against double jeopardy. *Id.* "In determining if a bill of particulars should be ordered in a specific case, a court should consider whether the defendant has been advised adequately of the charges through the indictment and all other disclosures made by the government. Full discovery will obviate the need for a bill of particulars." *Id.* at 1054 (citations omitted).

The charges set forth in the Indictment read as follows:

### FIRST CHARGE

On or about November 1, 2024, in Guam, **JESSIE RICK SAN AGUSTIN** did commit the offense of *Aggravated Murder (As a 1st Degree Felony),* in that he intentionally and with premeditation caused the death of another human being, that is, *Charles Lacy,* in violation of 9 GCA § 16.30(a)(1).

### SECOND CHARGE

On or about November 1, 2024, in Guam, **JESSIE RICK SAN AGUSTIN** did commit the offense of *Murder (As a 1st Degree Felony),* in that he intentionally or knowingly caused the death of another human being, that is, *Charles Lacy,* in violation of 9 GCA §§ 16.40(a)(1) and 16.40(b).

### THIRD CHARGE

On or about November 1, 2024, in Guam, JESSIE RICK SAN AGUSTIN did commit the offense of *Kidnapping (As a First Degree Felony),* in that he did unlawfully remove another, that is,

*Charles Lacy,* from his place of residence or business, or a substantial distance from the vicinity where he was found, or he unlawfully confined another, that is, *Charles Lacy,* for a substantial period, with the purpose of facilitating the commission of any felony or flight thereafter in violation of 9 GCA § 22.20(a)(2) and (b).

(Indictment, May 8, 2025).

Here, the indictment clearly sets forth the essential elements of each offense charged. Each charge includes the date of the alleged offense, the identity of the victim, and the statutory basis for the charge. These details are sufficient to inform Defendant of the nature of the accusations and to allow him to prepare a defense. The indictment is not so vague as to prejudice the Defendant's ability to prepare for trial or to assert a defense of double jeopardy in the future.[1] At this time, the Court understands that Defendant has received over 1,000 pages in discovery from the Government. The Court finds that the indictment in conjunction with the provision of discovery provide adequate notice to Defendant under *Long.*

Lastly, to the extent Defendant has not yet received and continues to seek discoverable materials such as photographic or video evidence, expert reports and/or criminal histories of witnesses and the victim, the Court reminds the Government that it has a continuing duty to disclose any material or information discovered pursuant to 8 G.C.A. § 70.40. Failure to comply with prior court orders regarding discovery or Guam's discovery statutes may result in the prohibition of the use of undisclosed evidence at trial or the entry of any other order that is just under the circumstances. *See* 8 G.C.A. § 70.45; *People v. Nego,* 2021 Guam 3 ¶ 15 ("A range of sanctions can be imposed for discovery violations, including granting a continuance, prohibiting the party from introducing the belated disclosures as evidence, holding counsels in contempt

---

[1] The Court also notes the Declaration attached to the Magistrate's Complaint alleges that Defendant was at his girlfriend's residence where the victim's phone "pinged" 300 meters from on November 1, 2024; Defendant's girlfriend heard "banging and fighting and muffled screams from the room next door" and saw Defendant shortly thereafter breathing heavily and sweating; Defendant told his girlfriend to stay in the room and that he would be back; Defendant's girlfriend overheard grunting and huffing; Defendant was seen exiting the victim's vehicle at NCS Shell Gas Station on November 1, 2024 at approximately 4:22 a.m. filling up a red fuel container; and when Defendant returned to the residence before sunrise, he told his girlfriend that the victim lent him the vehicle and the vehicle smelled of feces and gasoline. (Decl. of Christine S. Tenorio, Magistrate's Compl., May 1, 2025).

(including the Attorney General and/or Chief Prosecutor), imposing fines, dismissing the indictment, or using any other order the trial court considers just under the circumstances.").

## CONCLUSION

For the foregoing reasons, the Court hereby DENIES Defendant's Motion for a Bill of Particulars.

**IT IS SO ORDERED** this 12th day of December, 2025.

HONORABLE VERNON P. PEREZ
Judge, Superior Court of Guam

**SERVICE VIA E-MAIL**
I acknowledge that an electronic copy of the original was e-mailed to:
AG's K. Borja

Date: DEC 1 2 2025 Time: 9:41am
Evan L. Topasna
Deputy Clerk, Superior Court of Guam

*People v. San Agustin*
Case No. CF0297-25
Decision and Order